IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**TONY L. WHITE, #98344**                                                                   **PLAINTIFF**

**v.**                                             **CAUSE NO. 1:21cv215-LG-RHWR**

**JACKSON COUNTY JAIL, ET AL.**                            **DEFENDANTS**

### ORDER OF DISMISSAL FOR LACK OF PROSECUTION

**THIS MATTER IS BEFORE THE COURT** *sua sponte*. *Pro se* Plaintiff Tony L. White, an inmate of the Jackson County Adult Detention Center in Pascagoula, Mississippi, brings this Complaint pursuant to 42 U.S.C. § 1983. (Compl., 2-3, ECF No. 1). Plaintiff was granted leave to proceed *in forma pauperis*. (Order, 1, ECF No. 5).

On July 8, 2021, the Court entered an Order directing Plaintiff to file a written response and provide the Court with additional information concerning his claims. (Order, 3, ECF No. 6). Plaintiff was directed to file his written response on or before July 30, 2021. (*Id*.). That Order warned Plaintiff that failure to comply with the requirements of the Order may lead to the dismissal of this case. (*Id*. at 3).

When Plaintiff did not comply, the Court entered an Order to Show Cause, directing Plaintiff to show cause by September 3, 2021, to explain why this case should not be dismissed for failure to obey the Court's prior Orders and to comply with the previous Order by filing a response providing additional information about

his claims. (Order to Show Cause, 1-2, ECF No. 7). Plaintiff was warned that "failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in the dismissal of this civil action." (*Id*. at 2). The envelope containing the Show Cause Order (ECF No. 7) was returned by the postal service stating, "RTS, Return to Office of Original Addressee for Proper Handling" and a handwritten note stating, "not @ this facility." (Ret'd Mail, 1, ECF No. 8). Plaintiff did not respond or file a change of address.

Since Plaintiff is proceeding *pro se*, he was provided one final opportunity to comply with the Court's Orders before the dismissal of this case. On September 22, 2021, the Court entered a Final Order to Show Cause, directing Plaintiff to show cause by October 14, 2021, why this case should not be dismissed for failure to obey the Court's prior Orders and to comply with the previous Court Orders. (Final Order to Show Cause, 2–3, ECF No. 9). The Final Order to Show Cause specifically warned Plaintiff that his "failure to timely comply with any order of the Court or failure to advise the Court of a change of address . . . ***will result*** in this cause being dismissed without prejudice and ***without*** further notice." (*Id*. at 3) (emphasis in original). The envelope containing that Order was returned by the postal service stating, "RTS, Return to Sender, Not Deliverable as Addressed, Unable to Forward" and a handwritten note stating, "NOT AT THIS FACILITY, UTF." (Ret'd Mail, 1, ECF No. 11).

Plaintiff has not contacted this Court since he filed his Acknowledgment of Receipt, *see* (ECF No. 4), on June 30, 2021, and he has failed to comply with three Court Orders, *see* (ECF Nos. 6, 7, 9). The Court warned Plaintiff on previous occasions that failure to comply with any order of this Court and failure to advise the Court of a change of address could lead to the dismissal of this case.[1] (*See* Order, 2, ECF No. 3; Order, 2, ECF No. 5; Notice of Assignment, 1, ECF No. 1–2). It is apparent from Plaintiff's failure to comply with the Court's Orders and failure to notify the Court of his current address that he lacks interest in pursuing this case.

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute or to obey a court's orders under Fed. R. Civ. P. 41(b) and under the Court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). The Court must be able to clear its "calendar of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. at 629–30. As the record demonstrates, lesser sanctions

---

[1] Because the envelopes containing these Orders (ECF Nos. 3, 5, 6) and the Notice of Assignment (ECF No. 1-1) have not returned by the postal service as undeliverable, and because Plaintiff complied with a Court's Order (ECF No. 3), the Court finds that Plaintiff received notification of his responsibility to comply with the Orders of the Court and to advise the Court of a change of address and the risk that his failure to comply could result in this civil action being dismissed.

than dismissal have not prompted "diligent prosecution," but instead such efforts have proven futile. *See Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005). Dismissal without prejudice is warranted. Accordingly,

**IT IS THEREFORE ORDERED AND ADJUDGED** that this lawsuit is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 4th day of November, 2021.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge

4